Opinion issued November 16, 2006



     










In The
Court of Appeals
For The
First District of Texas




NO. 01-04-01206-CR





GERRY LESSEL DOCK JR., Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 23rd District Court
Brazoria County, Texas
Trial Court Cause No. 45,174




MEMORANDUM OPINION
          Appellant, Gerry Lessel Dock, appeals from the trial court’s judgment that
convicted him for the second-degree felony of sexual assault of a child. See Tex.
Pen. Code Ann. § 22.011 (Vernon 2006). Appellant pleaded guilty for punishment
to be determined by the jury. The jury assessed punishment at 20 years’ confinement,
the maximum amount of imprisonment allowed for the second-degree felony. 
Appellant’s counsel on appeal has submitted a brief stating his professional opinion
that the appeal is without merit and that there are no arguable grounds for reversal on
appeal. See Anders v. Cal., 386 U.S. 738, 744, 87 S. Ct. 1396, 1400 (1967). 
Appellant filed a pro se response brief. Appellant contends that (1) the trial court
erred by admitting into evidence his written statement given to police against him; (2)
the State did not provide the required notice of its intent to introduce extraneous acts
into evidence; (3) his right to a speedy trial was violated; (4) the trial court erred by
not allowing his attorney to cross-examine complainant concerning a juvenile
adjudication of guilt; (5) the evidence was insufficient to establish his guilt beyond
a reasonable doubt; (6) the trial court erred in admitting a tape recording that
contained appellant’s admission to having sex with complainant; and (7) his
appointed trial counsel rendered ineffective assistance of counsel. We affirm
appellant’s conviction.
Background
          Complainant is appellant’s daughter. In January 2002, the 15-year-old
complainant moved to Pearland, Texas to live with appellant, whom she had not seen
in six years. Complainant enjoyed living with appellant for the first month or so, but
in February 2002, things changed. Appellant and complainant were drinking away
from their home, and complainant became intoxicated. Complainant remembered
getting into appellant’s car, but does not remember anything else until the next
morning, when she woke up in appellant’s bed. Neither complainant nor appellant
were clothed.
          After that incident, complainant felt like she stopped being a daughter and
started being a girlfriend. She had to cook and clean, and anything sexual that
appellant wanted, she “had to give it to him.” Appellant had oral sex and intercourse
with complainant, who did not resist and “just allowed it.” Incidents of sexual
contact occurred between complainant and appellant “[a]lmost every day.”
          In December 2002 the incidents stopped, but by May 2003 complainant feared
that they would begin again because appellant began making sexual comments to her
again. Complainant told a neighbor about her concerns. The neighbor suggested that
she tape record appellant to corroborate her story. In May 2003, complainant hid a
tape recorder in her pants and during an argument with appellant was able to record
him admitting his conduct. She went to the neighbor’s house and left the tape and
recorder with the neighbor. The neighbor called the police to report appellant. The
detective who responded to the neighbor’s call spoke with appellant. Appellant gave
the detective a written statement admitting that he engaged in sexual activity with
complainant. Appellant, however, stated that there were only four or five incidents
of sexual activity, denying that it occurred every day, as complainant asserted. 
Appellant also asserted that complainant consented to the sexual activity.
Anders Procedure
          The brief submitted by appellant’s court-appointed counsel states his
professional opinion that there are no arguable grounds for reversal on appeal and
that any appeal would, therefore, lack merit. See Anders, 386 U.S. at 744, 87 S. Ct.
at 1400. Counsel’s brief meets the minimum Anders requirements by presenting a
professional evaluation of the record and stating why there are no arguable grounds
for reversal on appeal. See Gainous v. State, 436 S.W.2d 137, 138 (Tex. Crim. App.
1969). Appellant’s counsel sent a copy of the brief to appellant, requested permission
to withdraw from the case, and notified appellant of his right to review the record and
file a pro se response. The State filed an appellee’s brief stating that it agreed with
appellant’s counsel’s opinion that there are no arguable grounds for appeal in this
case and that it would not file a reply to that brief.
          When this Court receives an Anders brief from an appellant’s court-appointed
attorney who asserts that no arguable grounds for appeal exist, we must determine
that issue independently by conducting our own review of the entire record. Anders,
386 U.S. at 744, 87 S. Ct. at 1400 (emphasizing that reviewing court—and not
counsel—determines, after full examination of proceedings, whether case is “wholly
frivolous”); Stafford v. State, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991) (quoting
same passage from Anders). In conducting our review, we consider any pro se
response that the defendant files to his appointed counsel’s Anders brief. See Bledsoe
v. State, 178 S.W.3d 824, 826–28 (Tex. Crim. App. 2005). 
          Our role in this Anders appeal, which includes a pro se response by appellant,
is limited to determining whether arguable grounds for appeal exist. Bledsoe, 178
S.W.3d at 827. If we determine that arguable grounds for appeal exist, we must abate
the appeal and remand the case to the trial court to allow the court-appointed attorney
to withdraw. See id. The trial court must then either appoint another attorney to
present all arguable grounds for appeal or, if the defendant wishes, allow the
defendant to proceed pro se. See id. We do not rule on the ultimate merits of the
issues raised by appellant in his pro se response. Id. If we determine that there are
arguable grounds for appeal, appellant is entitled to have new counsel address the
merits of the issues raised. Id. “Only after the issues have been briefed by new
counsel may [we] address the merits of the issues raised.” Id. 
          If, on the other hand, we determine from our independent review of the entire
record that the appeal is wholly frivolous, we may affirm the trial court’s judgment
by issuing an opinion in which we explain that we have reviewed the record and have
found no reversible error. See id. at 826, 828. The holding that there are no arguable
grounds for appeal is subject to challenge by an appellant by a petition for
discretionary review filed in the Court of Criminal Appeals. Id. at 827 & n.6. 
          In accordance with Anders, 386 U.S. at 744–45, 87 S. Ct. at 1400, and Bledsoe,
178 S.W.3d at 826–28, we have reviewed the record, appellant’s appointed counsel’s
Anders brief, and appellant’s pro se response to that brief, and conclude that no
reversible error exists. 
Conclusion
          We affirm the judgment of the trial court and grant appointed counsel’s motion
to withdraw.



 
 
                                                                                  Elsa Alcala
                                                                                  Justice
 

Panel consists of Chief Justice Radack and Justices Alcala and Bland.

Do not publish. Tex. R. App. P. 47.2(b).